UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRANDON BROWN,

        Plaintiff,

    -v-                           9:24-CV-1474 (DNH/TWD)

FAKHR,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On December 5, 2024, *pro se* plaintiff Brandon Brown ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his rights under the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Dkt. No. 1. Because plaintiff had failed to pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP Application"), the Court initially directed the Clerk to administratively close the file. Dkt. No. 2.

However, plaintiff later filed an IFP Application, Dkt. Nos. 4, 7, the case was reopened, Dkt. No. 5, and, after an initial review of plaintiff's pleading, defendant Imam Fakhr was directed to answer certain claims alleged in the complaint. Dkt. No. 8. In lieu of an answer, defendant filed a motion for

summary judgment and/or to dismiss. Dkt. No. 18. Plaintiff was warned of the consequences of failing to respond to that motion. Dkt. No. 19. But after the Court extended the deadline in which to respond (at plaintiff's request), Dkt. No. 25, other mailings to plaintiff were returned as undeliverable, Dkt. Nos. 23, 26.

On November 24, 2025, after the motion deadlines expired without any further word from plaintiff, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that defendant's motion be denied. Dkt. No. 28. Importantly, however, the R&R ordered plaintiff to notify the Court of his current mailing address by December 19, 2025. *Id*. If he failed to do so, the R&R warned plaintiff that "this matter may be *sua sponte* dismissed for failure to prosecute and failure to follow Court orders and directives." *Id*.

Plaintiff has not lodged objections to the R&R. The time period in which to do so has expired. Nor has he communicated with the Court or attempted to update his mailing address, which he is required to keep current under the Local Rules. Judge Dancks repeatedly attempted to warn plaintiff that his failure to keep his address current would result in sanctions, including the dismissal of this action. Dkt. Nos. 22, 25, 28.

Under Rule 41 of the Federal Rules of Civil Procedure, a trial court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these

rules or a court order." FED. R. CIV. P. 41(b); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (explaining that "these rules" includes the Federal Rules and a district's local rules of practice). Although the Rule itself speaks about a *defendant's* motion to dismiss, it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Of course, the outright dismissal of a case is a "harsh remedy to be utilized only in extreme situations," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and courts should be particularly hesitant to dismiss a *pro se* litigant's case for simple procedural deficiencies, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Even so, the authority to dismiss an action that a litigant—even a *pro se* one—has failed to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 683 F.3d 37, 42 (2d Cir. 1982). To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh:

> (1) whether the plaintiff "caused a delay of significant duration";
>
> (2) whether the plaintiff was "given notice that further delay would result in dismissal";

> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Measured against this general legal standard, this action must be *sua sponte* dismissed. First off, plaintiff has caused a significant delay. He has failed to communicate with the Court since at least June 16, 2025. Dkt. No. 21. Judge Dancks extended the response deadline for the pending motion and repeatedly ordered plaintiff to update his address. This delay, which amounts to over four months and is now approaching six, is "presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), and courts regularly find that this factor weighs in favor of dismissal where the delay stretches beyond five or six months, *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (collecting cases).

Second, plaintiff has been given ample notice and warning that continued delay would result in dismissal. Judge Dancks repeatedly ordered plaintiff to bring his address current. These orders were served at the address plaintiff

left on file with the Court.  Although these mailings bounced back, Dkt. Nos. 23, 26, this Court specifically instructed plaintiff at the outset of this action that he was "required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change" in his address and cautioned plaintiff that "failure to do so may result in the dismissal of this action."  Dkt. No. 8.

Notably, the warning from this Court did *not* bounce back.  But even if, in light of these repeated mailings, plaintiff still did not receive actual notice of the filings instructing him to update his address, the "responsibility for that miscommunication lies with [him]."  *Sessoms*, 2022 WL 511646, at *2.

Third, defendant is likely to be prejudiced by any further delay, which has already stretched well into a sixth month.  Courts generally presume that the defendant is likely to suffer prejudice when, as here, plaintiff has caused an "unreasonable delay."  *LeSane*, 239 F.3d at 209; *Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed.").

Fourth, the need to alleviate calendar congestion and move cases toward trial outweighs plaintiff's right to receive a further chance to be heard in this case.  Fifth and finally, lesser sanctions would be effective.  Plaintiff has been granted IFP status, which means he almost certainly cannot afford any kind of monetary sanction (conditional, nominal, or otherwise).

More importantly, plaintiff has been unresponsive in this matter since at least June. He has not responded to any of the Court's orders, instructions, or directives. There is no indication under these circumstances that a lesser sanction than dismissal (a sanction that would necessarily come in the form of a further order) would prompt a different outcome (or even be received in light of plaintiff's ongoing failure). *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008). Accordingly, even accounting for plaintiff's *pro se* status, the relevant factors weigh strongly in favor of dismissal with prejudice for a failure to prosecute.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 28) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 18) is DENIED; and

3. Plaintiff's complaint is DISMISSED for failure to prosecute.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: December 22, 2025
       Utica, New York.

David N. Hurd
U.S. District Judge